# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA
# FOURTH DIVISION

| | |
|---|---|
| Jayme Hall, individually, and on behalf of all others similarly situated, <br><br> Plaintiff, <br> v. <br><br> NCO Financial Systems, Inc., Kristin Cura, and Lucy Decker, <br><br> Defendants. | Civil File No. _____ <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT** <br><br> **JURY TRIAL DEMANDED** |

Jayme Hall ("Hall") brings this class action complaint pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (the "FDCPA" or the "Act"), against the defendants, NCO Financial Systems, Inc. (hereinafter "defendant NCO" or "NCO"), Kristin Cura (hereinafter "Cura") and Lucy Decker (hereinafter "Decker"), (collectively the "defendants"), because the defendants' telephone collection calls violate the FDCPA, by stating:

## JURISDICTION AND VENUE

1. The jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Venue is proper in this District because the acts and transactions occurred here, the plaintiff resides here and the defendants transact business here.

## PARTIES

3. The plaintiff, Hall (hereinafter "plaintiff" or "plaintiff Hall") is a resident of the City of Woodbury, County of Washington and state of State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.     The defendant, NCO, is a collection agency based in Horsham, Pennsylvania that does business in Minnesota. Defendant NCO is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5.     At all times relevant herein, upon information and belief, the individual defendants, Cura and Decker, were debt collectors as defined by 15 U.S.C. § 1692a(6) of the FDCPA because they regularly collected or attempted to collect consumer debts as part of their duties for their employer, NCO.

6.     At all times relevant herein, the defendant NCO was the employer, master, principal or joint venturer of Cura and Decker, and the defendant NCO is vicariously liable for the acts or omissions of the individual defendants, Cura and Decker, named in this lawsuit.

## FACTUAL ALLEGATIONS

7.     Sometime prior to March 2009, the plaintiff allegedly incurred a "consumer debt," as that term is defined by 15 U.S.C. §1692a(5), with Capital One Bank (USA), N.A.

8.     The account was transferred, assigned or sold to defendant NCO for collection in or about March 2009.

9.     On or about March 4, 2009, through at least September 2, 2009, NCO, or its collectors, left telephone collection calls, the vast majority of which were automated calls (marked "CC" below), on the plaintiff's home or work telephone answering systems, some of which said:

> Sent Monday, May 4th at 5:14 p.m.
> This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call Kristin Cura back today at 1-877-373-5807. Once again, the number is 1-877-373-5807. Thank you. KYS 235 is your reference ID. Again your reference ID is KYS 235.
> (CC)
>
> Sent Tuesday, May 5th at 5:34 p.m.

This is an attempt to collect a debt and any information obtained will be used for that purpose.  Please call Kristin Cura back today at 1-877-373-5807.  Once again, the number is 1-877-373-5807.  Thank you.  KYS 235 is your reference ID.  Again your reference ID is KYS 235.
(CC)

Sent Sunday, May 10th at 10:35 a.m.
This is an important message from NCO Financial Assistance Incorporated.  The law requires that we notify you that this is a debt collection company.  This is an attempt to collect a debt and any information obtained will be used for that purpose.   Call us back at 877-373-5807.  Your reference ID is KYS 235.  Thank you.

Sent Monday, May 11th at 8:48 a.m.
… and any information obtained will be used for that purpose.  Please call Kristin Cura back today at 1-877-373-5807.  Once again, the number is 1-877-373-5807.  Thank you.  KYS 235 is your reference ID.  Again your reference ID is KYS 235.
(CC)

Sent Tuesday, May 19th at 7:15 p.m.
… and any information obtained will be used for that purpose.  Please call Kristin Cura back today at 1-877-373-5807.  Once again, the number is 1-877-373-5807.  Thank you.  KYS 235 is your reference ID.  Again your reference ID is KYS 235.
(CC)

Sent Monday, May 25th at 7:11 p.m.
This is an important message from NCO Financial Assistance.  The law requires that we notify you that this is a debt collection company.  This is an attempt to collect a debt and any information obtained will be used for that purpose.   Call us back at 1-866-590-9611, extension 69501.  When calling back, reference ID KYS 235.

Sent Friday, May 29th at 6:37 p.m.
… and any information obtained will be used for that purpose.  Please call Kristin Cura back today at 1-877-373-5807.  Once again, the number is 1-877-373-5807.  Thank you.  KYS 235 is your reference ID.  Again your reference ID is KYS 235.
(CC)

Sent Sunday, May 31st at 6:38 p.m.

> This is an important message from NCO Financial Assistance Incorporated. The law requires that we notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Sent Monday, June 1st at 5:40 p.m.
> … and any information obtained will be used for that purpose. Please call Kristin Cura back today at 1-877-373-5807. Once again, the number is 1-877-373-5807. Thank you. KYS 235 is your reference ID. Again your reference ID is KYS 235. (CC)
>
> Sent Tuesday, June 2nd at 6:27 p.m.
> … and any information obtained will be used for that purpose. Please call Kristin Cura back today at 1-877-373-5807. Once again, the number is 1-877-373-5807. Thank you. KYS 235 is your reference ID. Again your reference ID is KYS 235. (CC)
>
> Sent yesterday at 5:52 p.m. (Recorded June 4)
> … and any information obtained will be used for that purpose. Please call Lucy Decker back today at 1-866-849-2438. Once again, that number is 1-866-849-2438. Thank you. KYS 235 is your reference ID. Again your reference ID is KYS 235. (CC)
>
> Sent yesterday at 8:32 a.m. (Recorded August 19)
> This is an important message from NCO Financial Assistance. The law requires I notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me back today at 877-373-5807. When calling back, your reference ID is KYS235. Thank you.
>
> Sent Wednesday, September 2nd at 1:18 p.m.
> This is an important message from NCO Financial Assistance. The law requires I notify you that this is a debt collection company. This is an attempt to collect a debt and any information obtained will be used for that purpose. Please call me back today at 877-373-5807. When calling back, your reference ID is KYS235.

10.     Many of the automated telephone messages left by NCO or its collectors, Cura or Decker, violate § 1692d(6) of the FDCPA because the defendants fail to meaningfully disclose the

individual caller's name or the debt collection company's name or the nature of the debt collector's business, that is, that they are debt collectors attempting to collect a debt.

11. Many of the telephone messages also violate § 1692e(11) of the FDCPA because the defendants fail to tell the plaintiff that the defendants are debt collectors.

12. The defendants' conduct caused the plaintiff actual damages as defined by the FDCPA in the form of emotional distress, fear, humiliation and anxiety from being harassed by the defendants and the plaintiff is also entitled to statutory damages under the FDCPA.

## CLASS ALLEGATIONS

13. The plaintiff brings this action individually, and as a class action on behalf of all Minnesota consumers from whom the defendants attempted to collect consumer debts using the same or similar automated collection telephone messages that it left for the plaintiff. The class period begins one year prior to the filing of this class action complaint.

14. The defendant regularly engages in debt collection using the same or similar automated collection telephone messages that it left for the plaintiff.

15. The class or classes are so numerous that joinder of all members is impracticable. Although the precise number of class members is known only to the defendant, the plaintiff avers upon information and belief that the defendant has left hundreds of collection messages similar to those left for the plaintiff. Accordingly, the plaintiffs estimate that the class size numbers in the hundreds.

16. The plaintiff's claims are typical of the claims of the class or classes. Common questions of law or fact raised by this class action complaint affect all members of the class or classes and predominate over any individual issues. Common relief is therefore sought on behalf of

all members of the class or classes.  A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

17. The prosecution of separate actions by individual members of the class or classes would create a risk of inconsistent or varying adjudications with respect to the individual members of the class or classes, and a risk that any adjudications with respect to individual members of the class would, as a practical matter, either be dispositive of the interests of other members of the class or classes not a party to the adjudication, or substantially impair or impede their ability to protect their interests.

18. The defendants have acted or refused to act on grounds generally applicable to the class or classes, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class or classes as a whole.

19. A class action is a superior method for the fair and efficient adjudication of this controversy. The interests of class members in individually controlling the prosecution of separate claims against the defendants are slight because the maximum statutory damages are limited to $1,000.00 under the FDCPA.  Management of the class claims are likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the class members may be obtained from the defendants' records.

20. The plaintiff will fairly and adequately protect and represent the interests of the class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the class because the defendants' conduct was perpetrated on all members of the class, and will be established by common proof.  Moreover, the plaintiff has retained counsel experienced in actions involving class actions and consumer protection laws, including the FDCPA.

## TRIAL BY JURY

21. The plaintiff is entitled to and hereby demands a trial by jury. US Const., Amend. VII, Fed. R. Civ. Pro. 38.

## CAUSES OF ACTION

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

22. The plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

23. The foregoing acts and omissions of the defendants constitute numerous and multiple violations of the FDCPA, including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

24. As a result of the defendants' violations of the FDCPA, the plaintiff and the class members are entitled to the remedies set forth in 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully asks:

a. That an order be entered certifying the proposed class or classes under Rule 23 of the Federal Rules of Civil Procedure and appointing the plaintiff and her counsel to represent the classes;

b. That an order be entered declaring that the defendants, NCO, Cura and Decker's actions violate the FDCPA;

c. That judgment be entered against the defendants, NCO, Cura and Decker, for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d. That judgment be entered against the defendants, NCO, Cura and Decker, for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) and (B);

e. That the Court award costs and reasonable attorneys' fees in favor of the plaintiffs and against the defendants, NCO, Cura and Decker, pursuant to 15 U.S.C. § 1692k(a)(3); and

f. That the Court grant such other and further relief as may be just and proper.

                Respectfully submitted,

Dated:  May 3, 2010        By:  */s/ Michael G. Phillips*
                Michael G. Phillips
                **PHILLIPS LAW, PLLC**
                MN Attorney I.D. No. 0290105
                412 South Fourth Street, Suite 1155
                Minneapolis, MN 55415
                Telephone: (612) 677-8345
                Facsimile: (612) 344-1579
                mike@phillipslawmn.com

                **ATTORNEY FOR THE PLAINTIFF**